IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| William Baker, ) | C/A No. 6:22-cv-02073-JD-KFM |
| Plaintiff, ) | |
| vs. ) | **ORDER AND OPINION** |
| Doctor Smith, Warden Wallace, ) | |
| Defendants. ) | |

This matter is before the Court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1]  (DE 28.)  Plaintiff William Baker ("Plaintiff" or "Baker"), proceeding *pro se* and *in forma pauperis*, brought this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights against Doctor Smith ("Dr. Smith") and Warden Wallace ("Wallace") (collectively "Defendants") stemming from injuries he sustained after falling from his bunk while incarcerated at Kirkland Correctional Institution ("Kirkland").  (DE 23.)

The Report was issued on September 2, 2022, recommending the Amended Complaint be dismissed with prejudice and without leave for further amendment.  (DE 28.)  The Report addresses three potential claims gleaned from Plaintiff's Amended Complaint (DE 23) and recommends dismissal of each: 1) Conditions of Confinement Claim, 2) Deliberate Indifference

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

to Medical Needs Claim, and 3) Municipal Liability Claim. (DE 28). Plaintiff filed an objection to the Report on September 21, 2022.[2] (DE 31.) After review of the record and the Report, the Court adopts the Report and incorporates it herein as to Plaintiff's Conditions of Confinement Claim[3] and Municipal Liability Claim[4] to the extent Plaintiff's Amended Complaint makes such claims. However, the Court declines to adopt the Report as to Plaintiff's Deliberate Indifference Claim; accordingly, this claim is authorized for service on Defendants.

## BACKGROUND

Plaintiff filed the current action *pro se* pursuant to 42 U.S.C. § 1983 for violations of his First, Eighth, and Fourteenth Amendment rights after events that occurred while he was a prisoner in the custody of the South Carolina Department of Corrections ("SCDC") at Kirkland. (DE 23, p. 4.) Plaintiff alleges he fell while climbing into his bunk on September 30th, 2021, he broke his hand and injured his neck and shoulder. (Id. at p. 5.) Plaintiff further alleges that, after asking for treatment multiple times, he did not receive medical treatment until the following June, when he

---

[2] To be actionable, objections to a report and recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985)). "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court finds many of Plaintiff's objections non-specific but will address any specific objections herein accordingly.

[3] Plaintiff's objections make no reference to the Conditions of Confinement Claim addressed in the Report. Accordingly, this Court is not required to give any explanation for adopting the Report on this issue. See Camby, 718 F.2d at 199.

[4] Plaintiff's objections only reference a *Monell* Claim (municipal liability) in stating, "Monell – I named defendants from the very beginning and individuals do fall under § 1983 and the other." (DE 31, p. 4.) However, Plaintiff's Amended Complaint (DE 23) fails to name a municipality or other governing body as a defendant to sufficiently allege a *Monell* claim. Accordingly, to the extent Plaintiff alleges a Monell Claim, such a claim is dismissed.

got an x-ray, a steroid shot, and an exercise sheet. (Id.; DE 23-1, pp. 1-3; DE 23-2.) Plaintiff alleges that, because of Defendants' actions, he is permanently disabled. (DE 23 at p. 6.) For relief, the plaintiff seeks money damages (Id.)

## LEGAL STANDARDS

District Courts are authorized to dismiss a case filed *in forma pauperis* if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, this Court is charged with screening lawsuits brought by prisoners that seek "redress from a governmental entity or officer or employee of a governmental entity," to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), 1915A(c).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle, 429 U.S., at 106, 97 S.Ct. 285) (citing Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice")). However, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

Regarding the Deliberate Indifference to Medical Needs claim that the Report gleans from Plaintiff's Amended Complaint, the Court finds Plaintiff has raised the following specific objection to the Report: "[m]y rights to receive speedy and timely medical attention was denied

3

me [sic] for 10 month[s.]" (DE 31, p. 3.)  After a de novo review of the Amended Complaint (DE 23), the Court finds that the Plaintiff has alleged a cognizable claim for deliberate indifference by alleging a sufficiently long gap between his injury and treatment.[5]  "[A] prison official's 'deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.'" Scinto v. Stansberry, 841 F.3d 219, 225 (4th Cir. 2016) (internal citation omitted)).  The deliberate indifference standard is a two-pronged test: (1) the prisoner must be exposed to a substantial risk of serious harm, and (2) the prison official must know of and disregard that substantial risk to the inmate's health or safety.  Farmer v. United States, 511 U.S. 825, 837–38 (1994).  Although mere negligence or malpractice does not violate the Eighth Amendment, Estelle, 429 U.S. at 106, and "[d]isagreements between an inmate and a physician over the inmate's proper medical care do not state a Section 1983 claim unless exceptional circumstances are alleged", Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985), "[t]he necessary showing of deliberate indifference can be manifested by prison officials in . . . intentionally *denying* or *delaying* medical care." Formica v. Aylor, 739 F. App'x 745, 745 (citing to Estelle, 429 U.S. at 104-05); see also Smith v. Smith, 589 F.3d 736 (4th Cir. 2009) ("[D]elayed medical treatment can constitute a manifestation of deliberate indifference".)

Here, Plaintiff alleges he was injured after falling off his bunk on September 30, 2021, and did not receive the x-ray, steroid shot, and exercise sheet, which the Report cites to as evidence of

---

[5] The Report states Plaintiff failed to state a claim for deliberate indifference to medical needs because "[P]laintiff's allegations make clear that he was provided treatment after his fall – including at least one x-ray, a steroid shot, and exercises to do for his hand – he just disagrees with the course of treatment he was offered." (DE 28, p. 7.)  The Report reasons that "[P]laintiff is not constitutionally entitled to the treatment of his choice," citing Sharpe v. S.C. Dep't of Corrs., 621 F. App'x 732, 733 (4th Cir. 2015) (unpublished per curiam opinion) (noting that "mere disagreement between an inmate and medical staff regarding the proper course of treatment provides no basis for relief" under § 1983 (citing Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975))). (Id.)  Although the Report cites to sound law, it does not address the gap in time between injury and treatment alleged by the Plaintiff.

some treatment, until June 2022, nine months later. (DE 23, p. 9, 10; DE 28, p. 7.) Additionally, Plaintiff alleges, after the fall, "[e]veryday [he] would ask for medical." (DE 23-1, p. 2.) Therefore, Plaintiff at least alleges a cognizable claim for deliberate indifference by alleging a nine-month gap between injury and treatment, and summary dismissal of that claim is inappropriate at this stage. See Formica, 739 F. App'x at 745, Smith, 589 F.3d at 736; see also 28 U.S.C. § 1915A(a), 1915A(c).

Accordingly, after review of the record and the Report, the Court adopts the Report (DE 28) and incorporates it as modified herein. The Court adopts the Report as to the summary dismissal of Plaintiff's Conditions of Confinement Claim and Municipal Liability Claim to the extent Plaintiff's Amended Complaint makes such claims; however, the Court declines to adopt the Report as to the recommendation to dismiss Plaintiff's Deliberate Indifference Claim.

Therefore, it is ORDERED that Plaintiff's Amended Complaint be issued only regarding the Deliberate Indifference claim and the remaining claims be summarily dismissed.

**IT IS SO ORDERED**.

    s/Joseph Dawson, III
_____
Joseph Dawson, III
United States District Judge

Florence, South Carolina
April 25, 2023

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.